[No. 20973.   Department One.   March 20, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY COLES, *Appellant.*[1]

[1] RAPE (28)—WITNESSES (64)—CORPUS DELICTI—EXAMINATION OF WITNESS—RESPONSIVENESS OF ANSWER.  The jury is at liberty to construe an affirmative answer to a double question involving direct inconsistencies, as an answer only to the last question.

[2] RAPE (27)—CRIMINAL LAW (449)—PHYSICAL CONDITION OF AC-CUSED—HARMLESS ERROR—EXCLUSION OF EVIDENCE.  In a prosecution for rape, the exclusion of defendant's testimony as to the condition of his sexual organs was harmless error, where the matter was all put in evidence on the examination of the physician who attended him.

Appeal from a judgment of the superior court for Island county, Bell, J., entered March 21, 1927, upon a trial and conviction of rape.  Affirmed.

*E. C. Dailey,* for appellant.
*James Zylstra,* for respondent.

MITCHELL, J.—Harry Coles was convicted in the superior court of Island county of the. crime, alleged to have been committed on or about December 5, 1926, of carnally knowing a girl sixteen years of age, and has appealed from a judgment on the verdict.

¹Reported in 265 Pac. 166.

[1]  It is contended that the evidence is insufficient
to sustain a conviction.  More precisely, the argument
is that the girl's answer to a question on behalf of the
state showed that it was impossible for the appellant
to have had sexual intercourse with her.  The question
was a double one.  It contained two completed ques-
tions; the first one describing a physical situation
which it is argued made it impossible for him to have
sexual intercourse with her, and the other one a blunt
question as to whether or not he did have sexual inter-
course with her.  Her answer was "Yes."  But the
testimony of the girl leading up to the question and
answer must be considered, from which it appears that
the appellant had, with her tacit approval, taken her
to a secluded place where, in an automobile, he
fondled her an appreciable length of time before he
accomplished his purpose.  She gave a detailed account
of his actions and conduct.  When this is considered,
it is manifest that the jury were at liberty to infer
that her affirmative answer, given upon the two ques-
tions in one being asked, was meant as an answer to
only the second one of those questions, as so often
happens in such instances, and was not intended to
apply at all to the first part of the double question
and thus lead to the inconsistency and impossibility
urged by the appellant.

[2]  The appellant was a painter and paper hanger
and engaged in that business about the date of the
crime.  It is assigned as error that "the court refused
to allow him to tell of his condition as shown" by the
refusal of the court to allow the question:  "State
whether or not it caused pain and soreness to the
sexual organs by reason of your working and being on
your feet during that time?"  The question was
answered in the affirmative, but on motion it was
stricken.  At most, there could not have been any

prejudice to the appellant. He had already testified that he had been sick since October in a way that would affect his sexual organs and that he had consulted a physician. Before testifying he had called his physician to the witness stand. The physician testified that he was called on, made an examination and treated the appellant on December 30, 1926; that the appellant "complained of getting up at night to pass water and incompetency. He did not have control of his water and pain in his testicles and loss of passion and I just can't think of anything else." The physician further testified that he examined appellant's prostate gland and gave him treatment for it. Upon being asked if he could say from his examination whether he had had trouble of long standing with the prostate gland, he answered that it differed in size in different persons; "In Mr. Coles' I would think it was a normal gland." And finally the physician testified as follows:

"Q. Isn't it true generally that with that trouble that the desire for sexual relation is absent? A. No. It is not generally. Q. Did you discover any trouble with the gland? A. The patient complained of tenderness."

In our opinion the appellant had a fair trial.

Affirmed.

Mackintosh, C. J., French, Tolman, and Parker, JJ., concur.